UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES SMITH, | Case No. 24-12652 |
| Plaintiff, | |
| v. | Jonathan J.C. Grey |
| | United States District Judge |
| HEIDI WASHINGTON, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

### REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL

**I.      PROCEDURAL HISTORY**

Since Plaintiff James Smith filed this *pro se* civil rights action on October 8, 2024, (ECF No. 1), all named Defendants have filed a dispositive motion to resolve this case in their favor. Defendant Maribeth Zeller filed her motion to dismiss on December 26, 2024. (ECF No. 6). On January 13, 2025, Defendants Heidi Washington, Russ Marian, and Beverly Smith filed their own motion to dismiss. (ECF No. 23). And Defendants Marian, Smith, Washington, and Carolynn Wilson filed a motion for summary judgment on April 9, 2025. (ECF No. 37). Though the Court ordered Plaintiff to respond to these motions, (ECF Nos. 10, 24, 34, 38), no responses have been filed.

Because of Plaintiff's failure to respond to these motions, the Court issued an order to show cause why the undersigned should not recommend that the motions be granted or that this case be dismissed for Plaintiff's failure to prosecute

under Federal Rule of Civil Procedure 41(b). (ECF No. 39). Plaintiff's response to the show cause order was due June 23, 2025; alternatively, Plaintiff could file responses to the pending motions by the same date. Yet as of this writing a response of any kind remains outstanding.

For these reasons, the undersigned **RECOMMENDS** that the Defendants who moved to dismiss this action—e.g., Defendants Zeller, Washington, Marian, and Smith—be **DISMISSED** because of Plaintiff's failure to prosecute. If adopted, this would leave Defendant Wilson and her unopposed motion for summary judgment for the undersigned to address at a later date.

## II. BACKGROUND

Plaintiff's claims stem from the allegedly unlawful revocation of his parole. He claims that Defendant Wilson violated his procedural due process right under the Fourteenth Amendment, as well as Michigan Department of Corrections ("MDOC") policy, because she acted as the hearing examiner at his preliminary parole violation hearing despite also being Plaintiff's case manager.[1] (ECF No. 1, PageID.9-16, PageID.32-35). Plaintiff claims that he was deprived of a fair, unbiased hearing considering Wilson's direct involvement with his case; to that end, Plaintiff alleges that Wilson "did not disclose to me any evidence in support

---

[1] Plaintiff sues all Defendants in their individual and official capacities. (ECF No. 1, PageID.2-4).

2

of the alleged parole violations, and she did not provide me with an opportunity to confront and cross examine adverse witnesses." (*Id.* at PageID.11-12).

He alleges that Defendant Zeller also violated his procedural due process rights and MDOC policy. (*Id.* at PageID.16-20). Defendant Zeller was the Administrative Law Judge who presided over Plaintiff's parole revocation hearing. (*Id.* at PageID.16). Plaintiff claims that Zeller violated his due process rights when she did not provide a remedy for the allegedly unlawful preliminary hearing. (*Id.* at PageID.18-20).

Plaintiff's claims against Defendants Washington, Marlan, and Smith are all in the same vein. Plaintiff alleges that each Defendant was responsible for enforcing MDOC policies, ensuring their subordinates complied with MDOC policy, and that they failed to do so. (ECF No. 1, PageID.21-22). Accordingly, Plaintiff claims that they each deprived him of his constitutionally protected procedural due process rights. (*Id.*).

Defendant Zeller moved to dismiss, arguing that she in entitled to several forms of immunity and that Plaintiff failed to state a plausible claim against her. (ECF No. 6). Defendants Washington, Marlan, and Smith also moved to dismiss on that basis that Plaintiff failed to state plausible § 1983 claims against them considering Plaintiff did not allege their personal involvement in the alleged constitutional violations. (ECF No. 23). As for the motion for summary judgment,

Defendants Washington, Marlan, Smith, and Wilson argue that Plaintiff failed to exhaust his administrative remedies against each of them as required before filing this lawsuit. (ECF No. 37).

As mentioned, Plaintiff has not responded to any of these motions or to the Court's order to show cause thereby prompting this Rule 41(b) Report and Recommendation.

### III. ANALYSIS AND RECOMMENDATIONS

Pursuant to Rule 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1991) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629-630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* Also, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises

4

to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). *See also McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002) (regarding the typical leeway afforded to *pro se* litigants). But a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, at *2.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, on balance, these factors weigh in favor of dismissal.

As for the first and second factors, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith, or fault."[2] *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). But "defendants cannot be expected to defend an action" that Plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Indeed, this Court has deemed such abandonment prejudicial to defendants since it results in pending litigation without any movement towards a timely resolution. *Clayborn v. Ditelrath*, 2020 WL 584177, at *1 (E.D. Mich. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 570909 (Feb. 5, 2020). And the Sixth Circuit has held that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110 (6th Cir. 1991). For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal. This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*,

---

[2] Though, "at a minimum, he is clearly at fault for failing to . . . comply with the Court's orders." *Clayborn v. Ditelrath*, 2020 WL 584177, at 1 n.1 (E.D. Mich. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 570909 (E.D. Mich. Feb. 5, 2020).

2013 WL 511021, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Clayborn*, 2020 WL 584177, at *1-2 (same).  Plaintiff here failed to respond several times.

Finally, given Plaintiff's failure to respond to the Court's Order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, taken together, these factors support dismissal for failure to prosecute.

All that said, the undersigned is mindful of this court's preference for resolving cases on the merits unless a litigant has engaged in a clear pattern of delay.  *See Jourdan*, 951 F.2d at 110; *McCallum*, 38 F. App'x at 216.  Such a pattern is present here with respect to the motions to dismiss.  Plaintiff was aware of the motions to dismiss since he moved for an extension of time to respond to them.  (ECF No. 31).  Though Plaintiff's response to the pending motions to dismiss were due February 18, 2025 and February 27, 2025, respectively, the Court afforded him more time considering his circumstances; thus, the Court set a new deadline for April 14, 2025.  (ECF Nos. 10, 24, 34).  Even so, Plaintiff failed to file a timely response or move for another extension.  While the failure to respond to orders of the Court can alone evince a clear pattern of delay, *see Clayborn*, 2020 WL 584177, at *2, Plaintiff's failure to do so despite receiving additional time to respond to the motions to dismiss makes the pattern of delay even clearer.  *See*

*Jourdan*, 951 F.2d at 109-10 (upholding a Rule 41(b) dismissal because *pro se* plaintiff received two extensions to conduct discovery and file dispositive motions but failed to adhere to the respective deadlines).

The Court therefore **RECOMMENDS** dismissing Defendants Zeller, Washington, Marian, and Smith as they are the movants behind the pending unopposed motions to dismiss. Even so, the undersigned will not recommend dismissing Defendant Wilson at this time—rather, the undersigned will evaluate Wilson's motion for summary judgment as unopposed at a late date.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants Zeller, Washington, Marian, and Smith be **DISMISSED** with prejudice under Fed. R. Civ. P. 41(b).

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: June 30, 2025.    s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 30, 2025.

                                                                       <u>s/Sara Krause</u>
Case Manager
(810) 341-7850